UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAPTAIN SINGH,

      Petitioner,

    v.

TONYA ANDREWS, et. al.,

      Respondents.

No.  1:26-cv-01141-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner is an asylum seeker who fled India, entering the United States without inspection on October 22, 2023. See ECF No. 1, pg. 2. On that same day, Petitioner was detained and released on his own recognizance by Department of Homeland Security. See id. Petitioner asserts he was denied due process when he was re-detained on January 31, 2026, without notice or a pre-deprivation bond hearing. See id.

The District Judge ordered Respondents to respond to Petitioner's motion for a temporary restraining order. See ECF No. 6. Specifically, the District Judge directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP,

1

2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), <u>Labrador-Prato v. Noem</u>, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and <u>D.L.C. v. Wofford</u>, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). <u>See</u> <u>id.</u>

Respondents filed a joint opposition to the motion for temporary restraining order and a motion to dismiss. <u>See</u> ECF No. 7. On February 11, 2026, the Court granted Petitioner's motion for temporary restraining order. <u>See</u> ECF No. 9. The Court ordered:

(1) Petitioner shall be released immediately from the Respondents' custody;
(2) Respondents shall not impose any additional restriction on him, such as electric monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
(3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

<u>Id.</u>

Additionally, considering Respondents' non-opposition to treating Petitioner's motion for temporary restraining order as a motion for a preliminary injunction, the Court issued a preliminary injunction on the same terms. <u>See</u> <u>id.</u> The matter was referred to the undersigned for further proceedings.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and in other cases, <u>see</u> <u>Sarfaraz Mohammed v. Murray</u>, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866  (E.D. Cal. Jan. 15, 2026), <u>report and recommendation adopted,</u> No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the motion to dismiss be denied and the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 7, be DENIED and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2026

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3